# United States District Court
# Northern District of Indiana

| | |
|---|---|
| VALENTIN JARAMILLO, | ) |
| | ) |
| Petitioner, | ) |
| | ) Civil Action No. 3:08-CV-304 JVB |
| v. | ) |
| | ) |
| SUPERINTENDENT, | ) |
| | ) |
| Respondent. | ) |

## OPINION AND ORDER

Valentin Jaramillo, a *pro se* prisoner, filed a habeas corpus petition challenging his Steuben County conviction for Operating while Intoxicated causing death by an habitual substance offender resulting in a 23 year sentence. The respondent has filed the return and the petitioner has filed a traverse. Therefore the court will now address the merits of the habeas corpus petition.

Jaramillo raises three grounds. His first ground alleges that the State did not produce sufficient evidence to find him guilty. His third ground alleges that his March 1998 conviction cannot be used both as an element of the habitual substance offender determination and as an enhancement of the offense to a B felony. The respondent states that these two grounds are barred by procedural default. In his traverse, Jaramillo states, "neither exhaustion nor procedural defaults are materially at issue with respect to Jaramillo claims." Traverse at 5, DE 18. The record before the court does not support Jaramillo's claim because neither of his two petitions to transfer ever presented either of these two claims to the Indiana Supreme Court. *See* DE 9-8 at 3 and 9-16 at 2.

> Inherent in the habeas petitioner's obligation to exhaust his state court remedies before seeking relief in habeas corpus, *see* 28 U.S.C. § 2254(b)(1)(A), is the duty to fairly present his federal claims to the state courts. *Baldwin v. Reese*, 541 U.S. 27 (2004); *O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999); *Picard v. Connor*, 404 U.S. 270, 275 (1971). "Only if the state courts have had the first opportunity to hear the claim sought to be vindicated in the federal habeas

> proceeding does it make sense to speak of the exhaustion of state remedies." *Id.* at 276. Fair presentment in turn requires the petitioner to assert his federal claim through one complete round of state-court review, either on direct appeal of his conviction or in post-conviction proceedings. *Boerckel*, 526 U.S. at 845. This means that the petitioner must raise the issue at each and every level in the state court system, including levels at which review is discretionary rather than mandatory. *Ibid.*

*Lewis v. Sternes*, 390 F.3d 1019, 1025-1026 (7th Cir. 2004) (parallel citations omitted). Because Jaramillo did not present either his first or his third claims to the Indiana Supreme Court, they are procedurally defaulted.

Jaramillo's second claim is that it was a violation of the double jeopardy clause of the Fifth Amendment to have retried him once the Indiana Court of Appeals determined that there was insufficient evidence to support his sentencing enhancement for being a habitual substance offender. The Indiana Supreme Court addressed this claim on transfer after the Court of Appeals of Indiana ordered a new trial.

When this court evaluates a legal determination made by a State court,

> AEDPA provides that, when a habeas petitioner's claim has been adjudicated on the merits in state-court proceedings, a federal court may not grant relief unless the state court's adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). A state-court decision is contrary to this Court's clearly established precedents if it applies a rule that contradicts the governing law set forth in our cases, or if it confronts a set of facts that is materially indistinguishable from a decision of this Court but reaches a different result. A state-court decision involves an unreasonable application of this Court's clearly established precedents if the state court applies this Court's precedents to the facts in an objectively unreasonable manner.

*Brown v. Payton*, 544 U.S. 133, 141 (2005) (citations omitted).

> For purposes of 28 U.S.C. § 2254(d)(1), clearly established law as determined by this Court refers to the holdings, as opposed to the dicta, of this Court's decisions as of the time of the relevant state-court decision. We look for the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision.

2

*Yarborough v. Alvarado*, 541 U.S. 652, 660-661 (2004) (quotation marks and citations omitted). Furthermore, the United States Supreme Court has made clear that it is not for this court to independently decide the merits of the petitioner's legal arguments:

> As we have explained, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the state-court decision applied a [United States] Supreme Court case incorrectly. Rather it is the habeas applicant's burden to show that the state court applied [that case] to the facts of his case in an objectively unreasonable manner.

*Price v. Vincent*, 538 U.S. 634, 641 (2003) (quotation marks, citations and brackets omitted).

Here the Indiana Supreme Court analyzed this claim and found that there was not a double jeopardy violation.

> Both parties, as well as the Court of Appeals, suggest that the resolution of this issue turns upon *Monge v. California*, 524 U.S. 721 (1998).
>
> *Monge* arose under California's so-called "three-strikes" law. After the defendant in *Monge* had been convicted, the trial court judge enhanced his sentence based on prior convictions and prison terms. The California Court of Appeal ruled that the evidence had been insufficient to trigger the sentence enhancement because the prior conviction allegations had not been proved beyond a reasonable doubt, and that a remand for retrial on the sentence enhancement would violate double jeopardy principles. After the California Supreme Court reversed the California Court of Appeal, the United States Supreme Court affirmed the California high court and held that the Double Jeopardy Clause did not preclude retrial on the prior conviction allegation. As such, *Monge* resolves in the State's favor the issue presented in this case.
>
> *Monge* was decided before *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and contains a debate that foreshadows that momentous decision. In dissent in *Monge*, Justice Scalia argued that the prior offense enhancement constituted an element of the defendant's offense and, therefore, implicated Double Jeopardy principles. A majority of the Court rejected Justice Scalia's argument, both because the issue was not raised by the defendant and because the argument was contrary to the Court's then-controlling precedent on what constituted "elements of an offense," *Almendarez-Torres v. United States*, 523 U.S. 224 (1998). In 2000, the Supreme Court decided *Apprendi*, largely adopting Justice Scalia's views of what constitute elements of an offense as expressed in his prior dissents in *Monge* and *Alamendarez-Torres*. The question then, is whether *Monge* and *Almendarez-Torres* were overruled by *Apprendi* or are distinguishable from it.

> Defendant contends that the practical effect of *Apprendi* was to overrule *Monge*, because, according to his count, a majority of the members of the Court have now taken positions contrary to its holding. The Court of Appeals found Defendant's argument to be "plausible" but refused to speculate as to whether a majority of the Supreme Court would vote to overturn *Monge*. In point of fact, *Apprendi* discusses *Monge* without suggesting that it is no longer good law. And last year, the Court cited *Monge* in an opinion as standing for the proposition that the "Double Jeopardy Clause does not preclude retrial on a prior conviction used to support recidivist enhancement." *Dretke v. Haley*, 541 U.S. 386 (2004). Given that *Apprendi* exempts from its reach the fact of a prior conviction, it makes sense that *Monge*, involving as it does a fact of a prior conviction, would be distinguishable from *Apprendi*.
>
> We hold that *Monge* is good law and permits the State to retry Defendant.

*Jaramillo v. State*, 823 N.E.2d 1187, 1188-1190 (Ind. 2005) (parrallell citations, citations, and footnote omitted).

In his traverse, Jaramillo argues that the double jeopardy clause prohibits his retrial, but he makes no effort to explain how or why the Indiana Supreme Court was clearly erroneous in its interpretation and application of clearly established United States Supreme Court law. He does not discuss either the Indiana Supreme Court opinion in his case, *Monge*, or any other United States Supreme Court case. As such, he has presented nothing to demonstrate that the Indiana Supreme Court was clearly erroneous in the way it applied clearly established United States Supreme Court law. Even if the continued applicability of *Monge* is questionable, that alone is insufficient as a basis for habeas corpus relief because it has not been clearly overturned.

For the foregoing reasons, the habeas corpus petition is **DENIED** and the clerk is **DIRECTED** to enter judgment.

**SO ORDERED** on April 13, 2009.

 s/Joseph S. Van Bokkelen  
Joseph S. Van Bokkelen  
United State District Judge  
Hammond Division